UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DALE A. NEASON, 21542,

        Plaintiff,

     -v-

Officer THOMAS MORAN;
Officer RONALD CLARK, III;
Officer MARK GOODSPEED;
Officer MARYELLEN SAWICK;
Officer JOY JERMAINE; Honorable
Judge FIORELLA, City Court Judge;
Assistant DA Mr. Eugene Patridge;
and Honorable Judge BOLLER;

        Defendants.

**DECISION AND ORDER**
09-CV-6231CJS



---

### INTRODUCTION

Plaintiff, Dale A. Neason, an inmate of the Erie County Correctional Facility, has filed an amended complaint at the direction of the Court (Docket No. 5). Plaintiff was directed to address specific questions. Plaintiff claims that the defendants, Officers Thomas Moran, Ronald Clark III, Mark Goodspeed, Maryellen Sawick and Joy Jermaine, City Court Judge Fiorella, Assisitant District Attorney Patridge and Supreme Court Judge Boller, violated his rights when he was arrested, detained and prosecuted for a crime he did not commit, which he considers racially motivated. For the reasons discussed below, the official capacity claims and the claims against the judges and prosecutor are dismissed, the malicious prosecution claim is dismissed without prejudice and the remainder of the action is stayed pending resolution of the criminal charges by acquittal, conviction, or otherwise.

## DISCUSSION

### Official Capacity

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued. *Pennhurst*, 465 U.S. 89 at 199-201. Since the State has not consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacity, to the extent that such claims have been made.

### Immunity

Plaintiff's claims against the judges and the prosecutor must be dismissed. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson v. Ray*, 386 U.S. 547 (1967). It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991). "Judicial immunity protects the actor unless he 'acted in the clear absence of all jurisdiction.' " *Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006)(quoting *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir.1997)(quoting *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978))).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Mireles v. Waco*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. at 554. The plaintiff's complaint against the defendant judges related to their roles as judicial officers with responsibilities over plaintiff's criminal charges. The claims against them must, therefore, be dismissed.

In addition to judges, prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury to initiate a prosecution ..., activities in deciding not to do so ..., and conduct of plea bargaining negotiations...." *Barrett v. United States*, 798 F.2d 565, 571-572 (2d Cir. 1986) (citing *Lee v. Willins*, 617 F.2d 320 (2d Cir.), *cert. denied*, 449 U.S. 861 (1980); *Dacey v. Dorsey*, 568 F.2d 275, 278 (2d Cir.), *cert. denied*, 436 U.S. 906 (1978); *Taylor v. Kavanagh*, 640 F.2d 450 (2d Cir. 1981)). The actions complained of were intimately involved in the role of defendant Partridge as prosecutor and, accordingly, must be dismissed.

**Considerations of claim accrual and delayed claim accrual**

In *Wallace v. Kato*, the United States Supreme Court discussed the claims accrual and statute of limitations issues surrounding a false arrest or false imprisonment claim.

3

*Wallace v. Kato*, 549 U.S. 384 (2007). Prior to *Wallace v. Kato*, it was generally assumed that claims of false arrest were controlled by the same considerations and case law that barred litigation of malicious prosecution claims prior to either acquittal or the invalidation of any criminal conviction that resulted from the criminal prosecution. *Heck v. Humphrey,* 512 U.S., at 477. Heck held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* at 486-487. However, in *Wallace,* the Supreme Court found that a litigant may file a false arrest claim on the first day of confinement and that the claim accrues on the date on which plaintiff was arraigned on the charges, or "when legal process was initiated against him,..." *Wallace,* 549 U.S., at 390. The Court decided that the false arrest claim was not subject to the deferred accrual called for by *Heck* that applies to a malicious prosecution claim and which would have delayed what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn. *Wallace,* at 1097-1098.

Plaintiff has not, although he was directed to do so, informed the Court of the current status of the criminal prosecution. However, the Court presumes that the criminal charges have not been dismissed, or plaintiff would have stated that fact. Thus, it appears that plaintiff is a pre-trial detainee.

4

**Malicious prosecution claim**

In order to establish a malicious prosecution claim, a plaintiff must show that a proceeding was commenced or continued against him (a) without probable cause and (b) with malice. The absence of probable cause is an essential element of a claim for malicious prosecution. *See Colon,* 60 N.Y.2d at 82. Because plaintiff was indicted on the charges, he cannot currently make that showing with respect to the commencement or continuation of the criminal prosecution. The malicious prosecution claim must, therefore, be dismissed as premature, without prejudice to refiling once the criminal charges are disposed of.

**False arrest claim**

Plaintiff's amended complaint makes clear that plaintiff has been arraigned on the criminal charges that were the basis for the arrest. He was then indicted and arraigned on the indictment. He is, therefore, no longer being held pursuant to the initial arrest, but based on legal process thereafter. His false arrest claim has, therefore, accrued.

In *Wallace* the Court opined that if, as here, "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.*, at 393-4. As the Supreme Court anticipated, the Court is loath to consider issues likely being litigated in the criminal proceeding. Any decision as to whether the claim is *Heck-* barred might later bind a state court on conviction review. However, for the reasons laid out by Justice Breyer in his dissent, the Court is also reluctant to allow the case to linger on the Court's docket because the Court would not

5

want to interfere with any state criminal proceedings and, therefore, must postpone reaching, not only the merits of the § 1983 claim, but the threshold inquiry under *Heck v. Humphrey,* 512 U.S., at 477, as well. *Wallace*, at 401.

Because plaintiff has claimed malicious prosecution, as discussed above, that claim must be dismissed, without prejudice, as premature. If the Court stayed the false arrest claim pending resolution of the criminal charges, the Court would have to allow the case to proceed on two tracks, with one claim (false arrest) stayed and the second set (malicious prosecution) dismissed pending refiling once the criminal charges are resolved and a potential conviction is set aside. In addition, the Court has no administrative stay calendar that would allow the action to continue on an indefinite stay calendar for an extended period of time.

However, the Court in *Wallace* appears to suggest that the statute of limitations on any claims the plaintiff may have for false arrest is not tolled during the pendency of the criminal proceedings and that the Court cannot retroactively make a finding as to the applicability of equitable tolling in this context. *Id.* at 394-6. For this reason, a stay is the better course, otherwise risking that plaintiff may be foreclosed from bringing his false arrest claim by the running out of the statute of limitations. This action, and its sole remaining claim of false arrest, is hereby stayed pending the final resolution of plaintiff's criminal case. Because the state court proceedings could take some time, plaintiff is directed to contact the Court to inform as to the status of his criminal charges every **six months**. Following the conclusion of the state criminal case, plaintiff must apply to the Court within **30 days** to restore the case to the active calendar by sending a letter to the Court seeking such relief.

## CONCLUSION

For the reasons set forth above, the plaintiff's official capacity claims and the claims against the judges and the prosecutor are dismissed with prejudice, the malicious prosecution claim is dismissed without prejudice to refiling once the criminal charges are resolved, and the false arrest claim is stayed, pending final resolution of the criminal charges.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's official capacity claims and the claims against Fiorella, Boller and Patridge are dismissed with prejudice;

FURTHER, that the malicious prosecution claim is dismissed without prejudice; and

FURTHER, that the false arrest claim is stayed.

SO ORDERED.

Dated: October 28 , 2009
Rochester, New York

_Charles Siragusa_
CHARLES J. SIRAGUSA
United States District Judge